**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES WHITNEY,

              Plaintiff,

     v.

SUPT. FERGUSON, *et al.*,

              Defendants.

No. 3:17-CV-840

(Judge Mannion)

## MEMORANDUM

Plaintiff Charles Whitney, a prisoner incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, filed an amended complaint regarding his access to certain religious items and missing personal property, both of which occurred while Plaintiff was incarcerated at the State Correctional Institution at Benner in Bellefonte, Pennsylvania. (Docs. 41 (amended compl.), 46 (supplement)). Defendants Ferguson, Hoffman, Breeden, Brown, and Proudfit have filed a motion for summary judgment (the "Moving Defendants").[1] (Doc. 67). For the reasons explained below, the Court will grant the motion.

---

[1] Defendants Miller and two John Does have not been served in this matter, which the Court will address *infra*.

## I.    BACKGROUND

Plaintiff Charles Whitney is a state prisoner who practices Santeria. (Doc. 68 at 1). He has practiced that religion since 2012. (*Id.*). No one else at the facility in which he is incarcerated practices Santeria. (*Id.*). Plaintiff studies "constantly" to understand the sacred principles of the religion. (*Id.*). If he does not study constantly, then he "won't know" and will continue to have misfortune. (*Id.* at 2).

Plaintiff requested to use twenty-one cowry shells to practice Santeria, but was denied. (*Id.*). Plaintiff requested black, green, and gold beads, an eagle feather, and a book titled "Santeria," but all of these items were denied by the facility chaplain. (*Id.*). Plaintiff did not request any assistance from the prison chaplain or Imam to determine if there were alternative ways to perform the Santeria rituals. (*Id.*).

When Plaintiff was placed in the Restricted Housing Unit ("RHU"), he had several items of property taken, including books, colored pencils, shoes, a medicine bag, cigarettes, soap, deodorant, and a turkey feather. (*Id.*). Plaintiff does not know why his property was taken. (*Id.* at 3). At his deposition, Plaintiff could not identify who took his personal property. (Doc. 68-1 at 7-8). He testified that Defendants Brown and Proudfit did not allow him to inventory his property to be sure everything was accounted for before

2

his transfer, and that Defendant Breeden was the property officer at SCI Benner. (*Id.* at 7). He filed a grievance seeking to have the property returned, but that during the grievance procedure, Defendant Breeden stated that Plaintiff had viewed his property. (*Id.*) Finally, Plaintiff stated that "somebody on staff . . . took my religious items [from] the security office," and that "Captain Hoffman was a security captain." (*Id.* at 8).

Plaintiff also requested a kosher bag from the prison chaplain, but the request was denied by the prison rabbi because he "did not meet the criteria." (Doc. 68 at 3). Plaintiff wanted the kosher bag because it is "holistic" as it consists of whole fruits and vegetables and is therefore healthier. (*Id.*).

As for his study and practice of Santeria, Plaintiff has prayed in his cell using a book so he would know what to do, poured water on the floor, and offered an apple to Ogun. (*Id.*). Plaintiff has also chanted in his cell before. (*Id.*).

DC-ADM 819 governs the religious activities inside Department of Corrections' facilities. (*Id.*). Practitioners of various religions who utilize sacred objects to assist them in the practice of their faith are permitted to purchase these items from the Religious Articles Catalog. (*Id.*). The Religious Articles Catalog lists the specific objects that inmates of respective faiths may purchase. (*Id.*). The purchase of sacred objects is limited to those

sacred objects from the specific vendors listed in the catalog. (*Id.* at 3-4). Inmates from faith traditions whose religions are not represented in the Religious Articles Catalog may submit a Religious Accommodation Request Form requesting a new sacred object be included in the catalog. (*Id.* at 4). On June 11, 2019, the Religious Articles Catalog was revised to include several colored beads under the Santeria/Yoruba section. (*Id.*)


## II.   STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

4

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

A thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issues in this case. Plaintiff did not file a response to Defendants' Statement of Facts, although he

5

generally states in his opposition brief that "the defendant denied plaintiff the right to obtain sacred object[s] to practice his religion and have violated their own policy DC-ADM 819. Plaintiff Charles Whitney seek[s] to purchase religious items but was denied the right to do so." (Doc. 72).

Plaintiff's contentions are best construed as legal arguments, which the Court will address *infra*. Furthermore, to dispute a fact under Federal Rule of Civil Procedure 56, the non-moving party must provide evidence to support the dispute, which Plaintiff has failed to do. *See* Fed. R. Civ. P. 56(e). Argument disguised as a factual dispute fails to show sufficiently that a genuine issue exists for trial.  As such, summary judgment is appropriate.

## III.   DISCUSSION

Plaintiff has brought his claims under the First and Fourteenth Amendments pursuant to 42 U.S.C. §1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. §1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United

6

States [and] that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

In order to be liable under §1983, however, "[a] defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, supervisory liability cannot be imposed under §1983 by *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

## A.    Access to Religious Items and Kosher Meal Bags

As to the denial of Plaintiff's requested religious items and books, Plaintiff explains in his deposition that it was the chaplain at SCI Benner who denied his requests. Plaintiff presents no evidence that the Moving Defendants denied his requests for religious items. Plaintiff was specifically asked who denied his requests, and he identified only the chaplain.

Plaintiff also complains that he was denied kosher meal bags. Plaintiff testified at his deposition that he requested a kosher bag from the chaplain at SCI Benner, who referred the matter to the rabbi at SCI Benner. The rabbi determined that Plaintiff did not meet the criteria for receiving a kosher bag at mealtime. Notably, the rabbi is not a defendant in this action, and Plaintiff identified none of the Moving Defendants as participating in the decision not to give Plaintiff kosher meal bags.[2] The Moving Defendants were thus not involved in the conduct that Plaintiff alleges violated his rights regarding his practice of Santeria.

To the extent that Plaintiff argues that the Moving Defendants knew of the denials of his requests or were involved in receiving or responding to Plaintiff's grievances, neither is sufficient to establish §1983 liability. A

---

[2] The Court notes that Plaintiff stated that he did not seek the kosher meal bags are part of practicing his religion, but because they were healthier than other meals.

prisoner's allegation that prison officials and administrators responded inappropriately or failed to respond to a prisoner's complaint or an official grievance does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. *See Rode*, 845 F.2d at 1207-08 (concluding that review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement).[3] Further, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights. *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990).

### B.  Missing Personal Property

Plaintiff alleges that his personal property was packed up prior to his transfer to the RHU, and that when he received his property back, certain items were missing. At his deposition, Plaintiff did not identify any of the Moving Defendants as having taken his property.

To the extent that Defendants Breeden, Brown, Hoffman, and Proudfit could be considered to have been involved in the deprivation of Plaintiff's

---

[3] *See also Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006).

property while it was being packed up, inventoried, or otherwise, any such due process claim would fail as a matter of law because an adequate post-deprivation remedy for the losses exist. *See Tormasi v. Hayman*, 443 F. App'x 742, 746 (3d Cir. 2011) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process). Here, Plaintiff admits in his deposition that he utilized SCI Benner's grievance procedure to remedy any missing property, which thus satisfies any due process concerns he sought to raise in his amended complaint.

Finally, the Court notes that Defendants Miller, Chaplain John Doe, and Regional Deputy John Doe have not been served in this matter, nor has Plaintiff endeavored to determine the identities of the Doe Defendants. *See* Fed. R. Civ. P. 4(m) (requiring service to be made within ninety days). The time for discovery and to amend pleadings has long since passed. As such, these defendants will be dismissed.

10

## IV.    CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted and the unserved defendants dismissed. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 15, 2021**

17-840-01

11